UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00270-MOC-DSC

| | |
|---|---|
| **INVUE SECURITY PRODUCTS, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **MOBILE TECH, INC.,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's Motion to Transfer for Improper Venue Pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a), or, in the Alternative, to Dismiss (#4). Defendant filed such motion on June 12, 2017, and plaintiff filed its Amended Complaint (#8) on June 23, 2017. Even though the Amended Complaint (filed within 21 days of defendant's Rule 12 motion) mooted the Motion to Transfer/Dismiss, plaintiff filed a Response (#9) to that motion the same day it amended its complaint and the filing of the Response elicited a Reply (#10) from defendant.

It is well-settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'") (citing Crysen/Montenay Energy Co. v. Shell Oil Co. 226 F.3d 160, 162 (2d Cir. 2000)); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002); 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. 2015) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading."). Thus, the filing

1

of a Response and then a Reply have no impact on the Motion to Transfer or Dismiss as that motion was mooted when plaintiff timely filed its Amended Complaint.

\*\*\*

The court well anticipates that defendant will move to dismiss the Amended Complaint and that plaintiff will likely continue to argue that venue is proper in this district because acts of infringement occurred in this district and defendant has employees residing in this district. While TC Heartland LLC v. Kraft Foods Grp. Brands LLC, ___ U.S. ___, 137 S. Ct. 1514, 1521 (2017) makes clear that venue is determined under Section 1400(b), the standard for determining whether a defendant has a "regular and established business" under that provision appears to remain unchanged. As a sister court recently held post-TC Heartland,

> whether a defendant has a "regular and established business" is "whether the corporate defendant does its business in that district through a permanent and continuous presence there," and is not a question of whether it has a "fixed physical presence in the sense of a formal office or store."

iLife Techs., Inc. v. Nintendo of Am., Inc., 3:13-CV-04987, 2017 WL 2778006, at \*5 (N.D. Tex. June 27, 2017) (citing In re Cordis Corp., 769 F.2d 733, 737 (Fed. Cir. 1985)). If defendant does pursue dismissal or transfer, the Court would direct the parties' attention to this particular inquiry.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Transfer for Improper Venue Pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a), or, in the Alternative, to Dismiss (#4) is DENIED without prejudice as MOOT.

Signed: July 3, 2017

Max O. Cogburn Jr
United States District Judge

