# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| InVue Security Products Inc., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Mobile Tech, Inc. d/b/a Mobile Technologies Inc. )<br>and MTI, formerly known as Merchandising )<br>Technologies Inc., )<br>)<br>    Defendant. )<br>) | No.: 3:17-cv-00270-MOC-DSC |

## ORDER GRANTING MOTION FOR LEAVE
## TO CONDUCT VENUE DISCOVERY

THIS MATTER is before the Court on "Plaintiff's Motion for Leave to Conduct Venue Discovery" (document #16) filed on July 11, 2017.

As explained by the Honorable Max O. Cogburn, Jr. in his Order dated July 3, 2017,

While <u>TC Heartland LLC v. Kraft Foods Grp. Brands LLC</u>, ___ U.S. ___, 137 S. Ct. 1514, 1521 (2017) makes clear that venue is determined under Section 1400(b), the standard for determining whether a defendant has a "regular and established business" under that provision appears to remain unchanged. As a sister court recently held post-TC Heartland,

> whether a defendant has a "regular and established business" is "whether the corporate defendant does its business in that district through a permanent and continuous presence there," and is not a question of whether it has a "fixed physical presence in the sense of a formal office or store."

<u>iLife Techs., Inc. v. Nintendo of Am., Inc.</u>, 3:13-CV-04987, 2017 WL 2778006, at *5 (N.D. Tex. June 27, 2017) (citing <u>In re Cordis Corp.</u>, 769 F.2d 733, 737 (Fed. Cir. 1985)). If defendant does pursue dismissal or transfer, the Court would direct the parties' attention to this particular inquiry.

Document #11.

District courts have broad discretion to allow discovery concerning jurisdiction and venue pursuant to Federal Rule of Civil Procedure 26. See <u>Mylan Labs, Inc. v. Akzo, N.V.</u>, 2 F.3d 56,

64 (4th Cir. 2003). Discovery related to venue should be allowed unless the venue claims appear to be clearly frivolous. See Rich v. KIS Cal., Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988). Where issues of jurisdiction or venue are unclear, the Court may order discovery directed towards those issues alone. See e.g., Patent Rights Protection Group, LLC v. Video Gaming Technologies, Inc., 603 F.3d 1364, 1372 (Fed. Cir. 2010) (district court abused its discretion in denying plaintiff jurisdictional discovery); Nuance Communications, Inc. v. Abby Software House, 626 F.3d 1222, 1236 (Fed. Cir. 2010) (finding district court abused its discretion in denying plaintiff jurisdictional discovery). Applying those legal principles, the Court concludes that Plaintiff is entitled to conduct limited venue discovery as outlined below.

Accordingly, Plaintiff's Motion is GRANTED and it is hereby ORDERED that InVue has sixty (60) days from the date of this Order to conduct discovery subject to the Federal Rules of Civil Procedure related to venue. Discovery shall be confined to venue issues on the following matters for the time period from 2013 to the present for MTI and any MTI affiliate (referred to collectively below as "MTI"):

> (1) the identity of MTI's employees, agents, or representatives residing in the Western District of North Carolina, providing products or services therein, or otherwise conducting business related to the Western District of North Carolina, their hiring and training, their activities related to the Western District of North Carolina on behalf of MTI or its customers, and their relationship with MTI;
>
> (2) the identity of services retained by MTI relating to the Western District of North Carolina including the nature and extent of such services but not including legal services related solely to the litigation between the parties in this action;
>
> (3) MTI's training, instruction, and product installation for customers or potential customers located in the Western District of North Carolina including any materials, information, or persons MTI provides or makes available to such customers and potential customers;

(4) the identity and related activities of any persons or entities providing products, parts, services, or otherwise conducting business on behalf of MTI or at its behest in the Western District of North Carolina including e.g., the places of residence, offices, activities, and territories of such persons or entities;

(5) MTI's plans, procedures, and actions regarding customer requests, including emergency requests, for on-site service, training, or other support for locations in the Western District of North Carolina;

(6) equipment and tools provided by MTI to its employees, representatives, and agents, or otherwise maintained by such, for use related to the Western District of North Carolina;

(7) MTI's compensation and reimbursement of MTI employees, representatives, agents, or other persons or entities that provide products, services and/or support in the Western District of North Carolina.

The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: August 9, 2017

_____
David S. Cayer
United States Magistrate Judge